## KARRICK *v.* PRATT'S EXECUTORS.

A foreign executor has no authority to commence a suit in this state without first filing a bond, and letters testamentary, as required by Laws of 1845.

### *Appeal from Dubuque District Court.*

*Opinion by* GREENE, J.  This was an action of assumpsit, commenced in 1851, by Simon A. Greagnon and R. Pratt, executors, &c., of E. F. Pratt, against Geo. Ord

Karrick, on a promissory note. To the declaration, the defendant pleaded specially, that the plaintiffs ought not to have or maintain their action, for the reason, that at the time the action was commenced, no letters testamentary had been granted to, or taken by the plaintiffs; and that no copy of letters or bond had been filed, as required by statute, &c. The replication admitted the plea, but averred that letters and a bond had been subsequently filed, &c. Demurrer to the replication overruled, and judgment rendered for the plaintiffs.

It is urged that the demurrer should have been sustained, as foreign executors, or administrators are required by statute, before entering upon the discharge of their duty, to make out a good and sufficient bond, and to file with the judge of probate their letters testamentary, or an attested copy thereof. Laws of 1845, 49, 50, §§ 1, 2. These were necessary qualifications before they were authorized to commence and prosecute suits in this state. As a general rule, a foreign administrator, or executor cannot maintain an action without the authority of a court of probate in the state where the debtor resides. Story's Con. of Laws, §§ 512, 513; *Goodwin* v. *Jones*, 3 Mass., 513; 11 ib., 313; 2 New Hamp., 292; 4 Ran., 158.

As this rule is modified by our statute, it is claimed that it is not applicable to this state. But surely the statute to which we have referred is applicable, and should be observed. We are of the opinion that the executors had no authority to commence this suit, without having first complied with the directions of the statute; and that the court below erred in overruling the demurrer.

Judgment reversed.

*B. M. Samuels*, for appellant.

*Geo. L. Nightingale, D. S. Wilson*, and *P. Smith*, for appellees.